**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO. 1:14-CV-1660** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **KURT BAUER,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

Presently before the court is a motion (Doc. 9) by defendant Kurt Bauer ("Bauer") requesting a stay of the above-captioned civil proceedings based on his present status as a target of an ongoing criminal investigation.  The parties are in agreement that this civil action and the criminal investigation involve the same or substantially similar subject matter.  Bauer asserts that, absent such a stay, he will be forced to choose between invoking his Fifth Amendment privilege and risking liability in this matter or complying with the United States' discovery requests and risking criminal liability.  Bauer alternatively asks the court to enter a protective order precluding the use of an adverse inference against him in the event that he does invoke his Fifth Amendment right.  (See id.)  The government vigorously opposes both  requests.  (See Doc. 12).  For the reasons that follow, the court will deny Bauer's motion in its entirety.

I.      **Background**

The United States of America ("United States") instituted this action against

defendant Kurt Bauer ("Bauer") with the filing of a complaint on August 26, 2014.

(Doc. 1).  The United States asserts a statutory civil claim for violation of the False

Claims Act, 31 U.S.C. § 3729(a)(1), in addition to common law claims for payment

under mistake of fact, common law fraud, and unjust enrichment.  (Id.)  According

to the complaint, Bauer submitted false claims to Medicare while excluded from

Medicare participation.  (See Doc. 1 ¶¶ 66-68).  The parties agree that these same

allegations are the subject of an ongoing criminal investigation currently being

conducted by the United States.  (See Doc. 10 at 4-5; Doc. 12 at 9).  Bauer filed the

instant motion (Doc. 9) to stay these civil proceedings pending completion of that

criminal investigation on October 5, 2014.  The motion is fully briefed (Docs. 10, 12)

and ripe for review.

II.     **Discussion**

Bauer's motion asks the court to stay this litigation entirely and indefinitely

pending completion of the ongoing criminal investigation being conducted by the

United States.[1]  Inherent in the district court's power to control the disposition of

civil matters appearing on its docket is the power to stay proceedings when judicial

economy or other interests so require.  Landis v. N. American Co., 299 U.S. 248, 254

---

[1] Bauer's proposed order seeks only a partial stay of discovery.  (See Doc. 9 at 1 (proposing "all discovery [be] stayed with respect to Defendant Kurt Bauer until the resolution of the pending parallel criminal investigation").  However, the bulk of his supporting brief makes clear that what he really seeks is a complete stay of this civil action. (See Doc. 10 *passim*).

(1936).  A stay is an extraordinary measure, see Walsh Secs., Inc. v. Cristo Prop.

Mgmt., LTD, 7 F. Supp. 2d 523, 526 (D.N.J. 1998), and the decision to impose a stay

rests within the sound discretion of the district court.  See *In re* Adelphia, 2003 WL

22358819, at *2 (citing Landis, 299 U.S. at 254-56).  In determining whether to stay a

civil case pending resolution of a related criminal proceeding, courts consider the

following factors:

> (1) the extent to which the issues in the civil and criminal
> cases overlap; (2) the status of the criminal proceedings,
> including whether any defendants have been indicted; (3)
> the plaintiff's interests in expeditious civil proceedings
> weighed against the prejudice to the plaintiff caused by the
> delay; (4) the burden on the defendants; (5) the interests of
> the court; and (6) the public interest.

Shrey v. Kontz, No. 10-CV-1420, 2011 WL 94416, at *1  (M.D. Pa. Jan. 11, 2011)

(quoting *In re* Adelphia Commc'ns Secs. Litig., No. 02-CV-1781, 2003 WL 22358819,

at *3 (E.D. Pa. May 13, 2003)).  The court will address each of these six factors in

turn.

The first factor—the degree of overlap between the pending criminal and

civil cases—has been deemed "the most important threshold issue" in determining

whether or not to impose a stay.  State Farm Mut. Auto Ins. Co. v. Beckham-Easley,

No. 01-5530, 2002 WL 31111766, at *2 (citing Walsh, 7 F. Supp. 2d at 527)).  The

parties agree that Bauer is currently the target of a federal criminal investigation

directly related to the subject matter of the United States' complaint *sub judice*.

(See Doc. 10 at 4-5; Doc. 12 at 9).  Hence, this factor weighs in favor of granting the requested stay.[2]

However, the balance of the remaining factors weighs against Bauer's motion.  The court next considers the status of criminal proceedings, particularly whether the defendant has been indicted.  Beckham-Easley, 2002 WL 31111766, at *5-6.  A court is most likely to grant a stay when a grand jury has returned an indictment against the moving party.  See Walsh, 7 F. Supp. 2d at 527 ("The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned.") (quoting MILTON POLLACK, PARALLEL CIVIL AND CRIMINAL PROCEEDINGS, 129 F.R.D. 201, 203 (1989)); see also Beckham-Easley, 2002 WL 31111766, at *5-6 (reasoning that the "potential for self-incrimination is greatest at this stage").  Pre-indictment requests to stay parallel civil litigation are routinely denied.  Beckham-Easley, 2002 WL 31111766, at *5-6 ("[B]ecause the risk of self-incrimination is reduced at the pre-indictment stage, and because of the uncertainty surrounding when, if ever, indictments will be issued . . . pre-indictment requests for a stay are typically denied.") (citing Walsh, 7 F. Supp. 2d at 527); see also United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 811 F. Supp. 802, 805-06 (E.D.N.Y. 1992).  Indeed, when the party seeking a stay has not yet been indicted, the court may deny the motion "on that ground alone."  Beckham-Easley, 2002 WL 31111766, at *5-6 (citing Private

---

[2] The court notes that no criminal proceedings have been formally initiated against Bauer.  At this juncture, the court's determination that the criminal investigation and this action overlap is necessarily based on the parties' representations alone.

Sanitation Indus. Ass'n, 811 F. Supp. At 805-06).  Given the preliminary nature of

the related criminal investigation, this factor weighs against granting a stay.

The third factor examines the risk of prejudice to the plaintiff if a stay were

imposed.  Clearly, the United States has an interest in the expeditious resolution of

its civil claims.  Without diminishing the importance of promptly resolving such

claims, the court notes that the United States has not highlighted any interests so

substantial or time-sensitive as to require immediate resolution.  The indefinite

nature of the requested stay may place some burden on the United States, but that

burden is slight.  By comparison, courts have recognized a compelling interest in

preserving evidence.  In the instant matter, the United States does not identify any

similar, time-sensitive concerns.  See Beckham-Easley, 2002 WL 31111766, at *6-7

(holding that plaintiffs must "establish more 'prejudice' than simply 'the right to

pursue his case and vindicate his claim expeditiously" and evidence of dissipation

of assets satisfies that requirement).  Accordingly, this factor is largely a wash.

The final three factors, however, weigh considerably in the United States'

favor.  Regarding the fourth factor, Bauer contends that he will be prejudiced by

being forced to choose between asserting or waiving his Fifth Amendment right

against self-incrimination.  (Doc. 10 *passim*).  However, nothing precludes Bauer

from asserting his Fifth Amendment right throughout this litigation as he and his

counsel deem fit—indeed, Bauer has already done so in responding to the United

States' complaint.  (See Doc. 5 ¶¶ 6, 12, 23-48, 50-59, 61, 67-68, 70-72, 74-76, 78-79).

With respect to the final two factors, both the court and the public have a

compelling interest in efficient resolution of cases and judicial economy.  See

Manning, 2014 U.S. Dist. LEXIS 30217, at *8; Shrey, 2011 U.S. Dist. LEXIS 2411, at

*6.  At this stage, there is no indication when—or if—criminal proceedings will be

initiated, and any stay the court might impose would be indefinite "because there is

no way to predict when the criminal investigation would end."  Walsh, 7 F. Supp. 2d

at 528-29 (observing that this "uncertainty weighs against a stay" but ultimately

granting the motion because the presence of multiple defendants, only some of

whom were asserting the privilege, outweighed the efficiencies of proceeding); see

also Manning, 2014 U.S. Dist. LEXIS 30217, at *8; Shrey, 2011 U.S. Dist. LEXIS

2411, at *6.  These factors weigh against granting Bauer's motion.[3]

---

[3] Bauer alternatively requests an order permitting him to assert his Fifth
Amendment privilege without the penalty of the adverse inference approved by the
Supreme Court in Baxter v. Palmigiano, 425 U.S. 308 (1976).  See Baxter, 425 U.S. at
318-19 ("[T]he Fifth Amendment does not forbid adverse inferences against parties
to civil actions when they refuse to testify in response to probative evidence offered
against them: the Amendment 'does not preclude the inference where the privilege
is claimed by a *party to a civil cause*.'" (quoting 8 J. WIGMORE, EVIDENCE 439
(McNaughton rev. 1961)); see also Rad Servs., Inc. v. Aetna Casualty & Surety Co.,
808 F. 271, 274 (3d Cir. 1986) (adopting Baxter and observing that "the privilege
against compelled self-incrimination operates differently in civil and criminal
proceedings").  The law in this Circuit is clear that when a defendant asserts the
Fifth Amendment privilege in the face of probative evidence against him or her, the
jury is permitted to draw an adverse inference from his or her silence.  See *In re
Grand Jury*, 286 F.3d 153, 160-61 (3d Cir. 2002) ("We have held that 'reliance on the
Fifth Amendment in civil cases may give rise to an adverse inference against the
party claiming its benefits.'" (quoting S.E.C. v. Graystone Nash, Inc., 25 F.3d 187,
190 (3d Cir. 1994))).  Any ruling on the propriety of an adverse inference instruction
would necessarily be premature at this juncture.  Accordingly, Bauer must comply
with all discovery requests and assert his Fifth Amendment privilege at his own
peril, subject obviously to the advice of counsel.

## III.   Conclusion

For all of the above reasons, the court will deny Bauer's motion (Doc. 9) to stay of the above-captioned civil proceedings based on his present status as a target of an ongoing criminal investigation related to this action.  The motion will be denied without prejudice to the refiling thereof in the event that formal criminal proceedings are commenced against Bauer.  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:       October 30, 2014