**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

*FILED*
*HARRISBURG, PA*
*JAN 0 6 2016*
*MARIA E. ELKINS, CLERK*

UNITED STATES OF AMERICA,
  Plaintiff,

v.

KURT BAUER,
  Defendant.

Civil Action No. 1:14-CV-1660

(Chief Judge Conner)

## STIPULATED ORDER AND CONSENT JUDGMENT

This Stipulated Order and Consent Judgment is entered into by and between the United States of America and Defendant Kurt Bauer (collectively, "the Parties").

### THE PARTIES

1.     The Plaintiff is the United States of America, suing on behalf of the United States Department of Health and Human Services (HHS), which is the federal agency that administers and supervises the Medicare program.

2.     Defendant Kurt Bauer resides in York, Pennsylvania. Prior to his exclusion from Medicare, Bauer had owned Leader Heights Healthcare, P.C. (Leader Heights). Leader Heights was a professional corporation organized and existing in Pennsylvania that provided

medical and chiropractic care in York, Pennsylvania.  The business was formerly named ChiroCare Center, P.C. (*a.k.a.* ChiroCenter).

## THE PARTIES

3.      The Office of Inspector General of HHS (HHS-OIG) investigated claims for reimbursement that Defendant Bauer caused to be submitted through Leader Heights and ChiroCare.

4.      Based upon the findings in that investigation, the United States filed a complaint against Defendant Bauer asserting that from June 19, 2008 to August 26, 2013, Bauer violated the terms of his exclusion and caused the submission of false claims to Medicare by acting as a *de facto* executive and administrator of Leader Heights, thereby violating the False Claims Act, 31 U.S.C. §§ 3729-33, and the common law.

5.      The effect of exclusion is that no federal health care program payment may be made for any items or services furnished by an excluded individual or entity during the term of the exclusion.  42 U.S.C. § 1395y(e)(1)(A); 42 C.F.R. § 1001.1901.

6.      As described more fully in the Complaint, the United States contends that Bauer knowingly caused the submission of claims for

2

payment to the Medicare program for services he furnished as an executive and administrator of Leader Heights during the term of his exclusion, in violation of the False Claims Act and the common law.

7.   The conduct described in Paragraphs 3 through 6 above is referred to as the "Covered Conduct."

8.   Bauer denies the contentions of the United States and admits to no wrongdoing.

9.   Nevertheless, in order to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation, the Parties reach a full and final settlement as set forth below.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

10.   Defendant shall pay to the United States the following judgment debt, which is collectively referred to as the "Settlement Amount":

3

a.     Defendant shall pay to the United States an initial payment of $500 within twenty days of the Court's entry of this Stipulated Order and Consent Judgment.

b.     Defendant shall make monthly installment payments to the United States of his net income for a period of five years, for a total of 59 payments, due on the first day of each month.

   i.     "Net income" is defined as Defendant's income, less his expenses.

   ii.     "Income" is defined as the receipt (whether earned or received as a gift) of any liquid asset, the proceeds of the sale of any assets including automobiles, cash, cash equivalents, money market funds, certificates of deposit, mutual funds, stocks, bonds, foreign currencies, loan proceeds, tax refunds, and the value of any other asset received over $250.

   iii.     "Expenses" are defined as any amount paid for food and groceries (not to exceed $300), utilities (not to exceed $250), rent or mortgage (not to

4

exceed $1,250), health insurance (not to exceed $175), life insurance (not to exceed $107), auto insurance (not to exceed $62), automobile loan payments (not to exceed $195), and any currently existing loan issued to Defendant as of April 2015 (payments not to exceed $543).

c.    Defendant shall pay to the United States no less than $500 per month for a period of five years.

d.    Pursuant to this Agreement, Defendant's aggregate payments to the United States shall not exceed $116,981,706.

e.    The Settlement Amount and the installment payment may be adjusted from year to year if Defendant's financial statement or other information indicates Defendant's ability to make a lower or higher installment payment amount.  Defendant's ability to pay is to be determined annually by the United States based upon Defendant's submission of a Department of Justice Financial Disclosure Statement and income tax returns.  The United States may verify any information in the Financial Disclosure Statement and income tax returns, including but not limited to: (1) verification of income; (2) review of

bank statements; (3) verification of income tax return information; (4) verification of bills/debts declared; and (5) deposition.

     f.    The initial payment, and any monthly installment payment, shall be wired to the United States Department of Justice according to instructions provided by the Financial Litigation Unit; or made by check payable to the United States Department of Justice and mailed to the United States Attorney, 235 N. Washington Avenue, Suite 311, P.O. Box 309, Scranton, PA 18503-0309, Attention: Financial Litigation Unit.

     g.    The Settlement Amount is a debt to the United States as defined in the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001-08, and nothing in this Stipulated Order and Consent Judgment precludes the United States from taking action to collect the debt as authorized by law.  The United States agrees to waive post-judgment interest on this debt.

     h.    Defendant shall submit a Department of Justice Financial Disclosure Statement and copies of his federal and state income tax returns for the prior year to the United States Attorney's Office on May 15 of each year until the judgment debt is paid in full.

6

Defendant shall mail the Financial Disclosure Statement and tax returns to the United States Attorney, 228 Walnut Street, Suite 220, P.O. Box 11754, Harrisburg, PA 17108-1754, Attention: Civil Healthcare Fraud Coordinator.

      i.      Defendant shall notify the United States Attorney's Office, in writing, within thirty days of any change of address or employment until the judgment debt is paid in full by mailing the notice to the United States Attorney, 228 Walnut Street, Suite 220, P.O. Box 11754, Harrisburg, PA 17108-1754, Attention: Civil Healthcare Fraud Coordinator.

      11.      Defendant understands and acknowledges that he is currently excluded from Medicare, Medicaid, and all Federal health care programs pursuant to section 1128(b)(4) of the Social Security Act, 42 U.S.C. § 1320a-7(b)(4).  Further, Defendant agrees to complete and execute all necessary documents provided by the United States Department of Health and Human Services to effectuate an exclusion pursuant to section 1128(b)(7) of the Social Security Act, 42 U.S.C. § 1320a-7(b)(7), as a result of the Covered Conduct.  Defendant agrees that he will not furnish any items or services in violation of his

exclusion, in compliance with the HHS-OIG Special Advisory Bulletins on the Effect of Exclusion from Participation in Federal Health Care Programs, dated May 9, 2013, *available at* http://oig.hhs.gov/exclusions/files/sab-05092013.pdf, and September 1999, *available at* http://oig.hhs.gov/exclusions/effects_of_exclusion.asp. Violation of the exclusion will violate, among other things, this Stipulated Order and Consent Judgment.

12.    Defendant agrees to sign certifications, under penalty of perjury and subject to 18 U.S.C. § 1001, every six months for a period of five years, in which he certifies the following: "I, Kurt Bauer, have fully complied with the terms of my exclusion from Medicare, Medicaid, and all other Federal health care programs during the past six months, in compliance with the HHS-OIG Special Advisory Bulletins on the Effect of Exclusion from Participation in Federal Health Care Programs, dated May 9, 2013, *available at* http://oig.hhs.gov/exclusions/files/sab-05092013.pdf, and September 1999, *available at* http://oig.hhs.gov/exclusions/effects_of_exclusion.asp. I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." Defendant shall

8

sign a new certification every six months and mail such certification to the United States Attorney, 228 Walnut Street, Suite 220, P.O. Box 11754, Harrisburg, PA 17108-1754, Attention: Civil Healthcare Fraud Coordinator.

13.   Defendant acknowledges that he provided to the United States a complete financial disclosure statement, and the United States relied upon the representations therein in reaching this Stipulated Order and Consent Judgment.  Defendant warrants that the financial information he provided to the United States is thorough, accurate, and complete.  Defendant further warrants that he does not own or possess any interest in any assets that he has not disclosed to the United States and that he made no misrepresentations in or in connection with the financial information he has given or will provide.

a.   If the United States learns of asset(s) in which Defendant had an interest at the time of this Stipulated Order and Consent Judgment that were not disclosed in the Financial Statements, or if the United States learns of any misrepresentation by Defendant on, or in connection with, the Financial Statements, and if such nondisclosure or misrepresentation changes the estimated net worth set

9

forth in the Financial Statements by $5,000 or more, the United States may at its option:  (a) reinstate the current suit based on the Covered Conduct, or (b) let the Stipulated Order and Consent Judgment stand and collect the full Settlement Amount plus one hundred percent (100%) of the value of the net worth of Defendant previously undisclosed.  Defendant agrees not to contest any collection action undertaken by the United States pursuant to this provision, and immediately to pay the United States all reasonable costs incurred in such an action, including attorney's fees and expenses.

b.     In the event that the United States, pursuant to Paragraph 13.a (concerning disclosure of assets), above, opts to reinstate the current suit, Defendant agrees not to plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that (a) are filed by the United States within 30 calendar days of written notification to Defendant that the suit will be reinstated, and (b) relate to the Covered Conduct, except to the extent these defenses were available on the date this Stipulated Order and Consent Judgment is signed.

## RELEASE OF CLAIMS

14.    In consideration of full payment of the consent judgment, the consent to abide by the prior and contemporaneous exclusions described in paragraph 11, the biannual certifications, and the other promises and representations in this Stipulated Order and Consent Judgment, and subject to the exceptions below, the United States releases and discharges Defendant from civil monetary claims under the False Claims Act, 31 U.S.C. §§ 3729-33, the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a, the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; and the common law theories of payment by mistake, fraud, and unjust enrichment, that are based upon the Covered Conduct.

15.    Except as expressly stated herein, this Stipulated Order and Consent Judgment expresses full and complete settlement of liabilities claimed.

16.    The United States may record a judgment lien against Defendant to secure payment of the consent judgment.  The proceeds from the sale of any real estate in which Defendant has an interest may be used to satisfy a portion or all of the judgment.

17.    Should Defendant fail to comply with the terms set forth above—including, but not limited to, the payment of any installment, the yearly submission of the Financial Disclosure Statement or tax returns, the biannual certifications, or the agreement to abide by any applicable period of exclusion—any of the following may occur in the discretion of the United States:

a.    The balance of the judgment shall immediately become due and payable, and the United States may proceed with administrative and judicial remedies to enforce this judgment debt, upon notice to Defendant.  Notice shall be sufficient upon mailing by first class mail, postage prepaid, to 40 Indian Rock Dam Road, York, PA 17403, or to any new address provided pursuant to Paragraph 10.i above.

b.    The United States may declare this Stipulated Order and Consent Judgment violated and proceed against Defendant for enforcement through the Court, including contempt remedies.

c.    The United States may file an action for specific performance of the terms of this Stipulated Order and Consent Judgment.

d.     The United States may exercise any other right granted by law or recognizable at common law or equity; and

e.     In the event the United States prevails in seeking to enforce any term of this Stipulated Order and Consent Judgment, the United States shall be entitled to an award of attorney fees and costs in its favor and against Defendant for the time spent in prosecuting such action.

18.    Notwithstanding any term of this Stipulated Order and Consent Judgment, specifically reserved and excluded from the scope and terms of the releases herein as to any entity or person are the following:

a.     Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b.     Any criminal liability;

c.     Except as explicitly stated in this Stipulated Order and Consent Judgment, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

d.     Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

13

   e. Any liability based upon obligations that this Consent Order and Judgment creates;

   f. Any liability for failure to deliver goods or services due; and

   g. Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

  19. Defendant waives and shall not assert any defenses that he may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulated Order and Consent Judgment bars a remedy sought in such criminal prosecution or administrative action.

  20. Nothing in this Stipulated Order and Consent Judgment constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

## BANKRUPTCY PROVISIONS

21.    The Parties warrant that, in evaluating whether to execute this Stipulated Order and Consent Judgment, they have: (a) intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendant within the meaning of 11 U.S.C. § 547(c)(1); and (b) concluded that these mutual promises, covenants, and obligations constitute such a contemporaneous exchange.  Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendant was or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

22.    If within 91 days of the Court's entry of this Stipulated Order and Consent Judgment or of any payment made pursuant thereto, Defendant or any third party commences a case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors: (a) seeking to have any order for relief of Defendant's debts, or seeking to adjudicate Defendant as

bankrupt or insolvent; or (b) seeking appointment by a receiver, trustee, custodian, or other similar official for Defendant, or for all or any substantial part of Defendant's assets, Defendant agrees as follows:

      a.     Defendant's obligations under this Stipulated Order and Consent Judgment may not be avoided pursuant to 11 U.S.C. § 547, and Defendant shall not argue or otherwise take the position in any such case, proceeding, or action that:

              i.     Defendant's obligations under this Stipulated Order and Consent Judgment may be avoided under 11 U.S.C. § 547;

              ii.     Defendant was insolvent at the time the Court entered this Stipulated Order and Consent Judgment, or became insolvent as a result of any payment made to the United States; or

              iii.     The mutual promises, covenants, and obligations set forth in this Stipulated Order and Consent Judgment do not constitute a contemporaneous exchange for new value given to Defendant.

b.      Defendant acknowledges that he has reviewed his financial situation and that he is currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(1), and shall remain solvent following payment to the United States of the Settlement Amount.

c.      Defendant's obligations under this Stipulated Order and Consent Judgment are non-dischargeable under 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 1141(d)(6)(A), regardless of whether or not the United States timely files an adversary complaint to establish a claim under 11 U.S.C. § 523(c)(1).

d.      If any of Defendant's obligations under this Stipulated Order and Consent Judgment are avoided for any reason, including but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option and upon notice to the Court, may rescind the releases contained within this Stipulated Order and Consent Judgment and may bring any civil and/or administrative claim, action, or proceeding against Defendant for the claims that would otherwise be covered by the releases provided herein.

17

i.   Any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in this subparagraph, and Defendant or a related party shall not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay;

ii.  Defendant or a related party shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceedings that are brought by the United States; and

iii. Any such claims against Defendant are valid, not just for the Settlement Amount, but for the full amount of all federal funds used, trebled, plus the statutory maximum penalty for each claim submitted or caused to be submitted to the

United States by Defendant, and the United

States may pursue its claims against Defendant

in the complaint as well as in any other case,

action, or proceeding.

e.    If a court determines that the financial obligations

imposed upon Defendant by this Stipulated Order and Consent

Judgment are to any extent invalid or incapable of being enforced due

to bankruptcy, insolvency, reorganization, or relief of debtors, such

invalidity or unenforceability shall be limited solely to those financial

obligations and shall not apply to the remaining obligations imposed by

this Stipulated Order and Consent Judgment upon Defendant,

including those created by paragraphs 11 and 12.  Nothing in this

paragraph affects the rights created by paragraph 22(d).

## MISCELLANEOUS PROVISIONS

23.    Defendant fully and finally releases the United States, its

agencies, officers, agents, employees, and servants, from any claims

(including attorney's fees, costs, and expenses of every kind and

however denominated) that Defendant has asserted, could have

asserted, or may assert in the future against the United States, and its

agencies, officers, agents, employees, and servants related to the
Covered Conduct and the United States' investigation and prosecution
thereof.

24.    This Stipulated Order and Consent Judgment is intended to
be for the benefit of the United States and Defendant only.  The United
States and Defendant do not release any claims against any other
person or entity.

25.    The Parties shall bear their own costs and attorney fees in
connection with this matter, except as provided in Paragraph 17.e.

26.    HHS-OIG may exercise its enforcement authority
independent of any remedies that may be available under this
Stipulated Order and Consent Judgment.

27.    All costs (as defined in the Federal Acquisition Regulation,
48 C.F.R. § 31.205-47, and in Titles XVIII and XIX of the Social
Security Act, 42 U.S.C. §§ 1395-95ggg and 1396-96v, and the
regulations and program directives promulgated thereunder) incurred
by or on behalf of Defendant in connection with this Stipulated Order
and Consent Judgment shall be "unallowable costs" on government

contracts and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employee Health Benefits Program.

28.     This Stipulated Order and Consent Judgment shall bind Defendant's heirs, administrators, executors, successors, and transferees.

29.     The agreements contained within this Stipulated Order and Consent Judgment constitute a complete description of the Parties' bargain.  Defendant acknowledges that he entered into this Stipulated Order and Consent Judgment voluntarily in order to avoid further litigation, without any degree of duress or compulsion, and upon advice of legal counsel.

30.     All parties consent to the United States' disclosure of this Stipulated Order and Consent Judgment, and information about this Stipulated Order and Consent Judgment, to the public.

31.     The Parties agree that the terms of this Stipulated Order and Consent Judgment are in the public interest and fair, adequate, and reasonable under all the circumstances.

32.    The parties may execute this Stipulated Order and Consent Judgment in counterparts.  Facsimiles of signatures shall be acceptable and binding.

33.    All agreements contained within this Stipulated Order and Consent Judgment are contingent upon the Court's approval and entry on the case docket.

34.    The United States District Court for the Middle District of Pennsylvania shall retain jurisdiction in this case to enforce the terms of this Stipulated Order and Consent Judgment.

BY:                                          UNITED STATES OF AMERICA

PETER J. SMITH
United States Attorney

Dated: __1/5/16__

ANTHONY D. SCICCHITANO
Assistant U.S. Attorney
PA 208607
U.S. Attorney's Office
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Phone:        (717) 221-4482
Fax:          (717) 221-2246
anthony.scicchitano@usdoj.gov

BY:                                    **KURT BAUER**

Dated: _11/27/2015_                    _____
                                       KURT BAUER


Dated: _12/7/15_                       _____
                                       MICHAEL J. ENGLE
                                       Attorney for Defendant Kurt Bauer

BY:                              THE COURT

SO ORDERED, this _6th_ day of _January_, _2016_.

_____
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

25